## CLARK *v.* MUZZEY.

In dower, it is no answer to a plea that dower has been assigned, that it was not assigned within thirty days after demand, if it appear that it was accepted.

A plea that dower has been assigned by the tenant will be insufficient, if it is not alleged that the widow entered and agreed to the assignment, or that she accepted it, or that it was made to her satisfaction; or substantially to that effect.

WRIT OF DOWER. Writ dated August 1, 1857. It was alleged in the declaration that she, the said demandant, at, &c., on the 18th day of June, 1856, did demand her said dower thereof in writing, yet the said Muzzey, although one month since the demand was made has long since passed, has not assigned or set out her said dower, but refuses so to do.

The first plea was that the defendant, since the death of the plaintiff's husband, assigned the plaintiff her dower, and that the plaintiff agreed to the assignment. The replication to this plea was, that the defendant did not assign to the plaintiff her dower, as he in his first plea alleged, and upon this, issue was joined.

The second plea was, that the defendant, since the death of the plaintiff's husband, and a long time prior to the date of said plaintiff's writ, to wit, on the eighth day of August, 1856, assigned and set out to the plaintiff, by metes and bounds, her rightful dower in the premises, described in her, the said plaintiff's writ, and gave the plaintiff due notice thereof in writing. To this plea there were five replications. The third replication was that the defendant did not, within one month after said demand on him by the plaintiff, assign and set off to the plaintiff her dower in the premises described in the plaintiff's said writ. To this replication the defendant demurred.

To the other replications issues were joined.

The court overruled the demurrer to the third replication to the second plea, and the defendant excepted.

*Everett,* and *Edes,* for the defendant.

*Flanders,* and *Cushing,* for the plaintiff.

BELL, C. J. The demurrer raises two questions: (1) Whether it is any answer to a plea of an assignment of dower, that it was not assigned within thirty days after demand. (2) Whether a plea of an assignment of dower is good without alleging that the plaintiff accepted or agreed to the assignment, or that it was assigned to her satisfaction.

The statute in force on this subject is as follows (Rev. Stat., ch. 205, secs. 1 and 2): "If dower is not assigned to any woman entitled thereto to her satisfaction, by the heir, or tenant of the freehold, or by the judge of probate, she may recover the same by action of dower. She shall make demand in writing of her dower of the person seized of the freehold, if in this State, otherwise of the tenant in possession; and if such dower is not set out within one month, may sue for and recover the same against such person."

In *Johnson* v. *Morse*, 2. N. H. 48, it was held that to render an assignment of dower effectual, the widow must enter and agree to the assignment, or must accept of it; or, in the language of the statute, that it must be assigned to her satisfaction ; and in pleading such an assignment, it must be alleged that the widow entered and agreed to the assignment, or that she accepted of it, or that it was made to her satisfaction, or substantially to that effect; and this we understand to be the principle of the common law. Co. Litt. 34, b; Wood's Inst. 127; Doct. Plac. 152; Booth R. A. 169 ; Bac. Ab., Dower, D, 2 ; 9 Vin. Ab., Dower, L, a; 1 Bro. Ab., Dower, 46 ; 2 Bouv. Inst. 243; Rast. Ent. ; Barre on Dower 6.

Neither of these things is alleged in terms, or implied in any thing which is alleged in this plea, and for that cause the plea must be held defective and insufficient.

If dower is assigned to a widow to her satisfaction before any suit is brought, she has no longer any cause of action, and her suit must be barred by a plea showing that fact, and it is immaterial whether the assignment is made before or after the expiration of a month after demand. And such assignment and acceptance seems to us a bar, if properly pleaded, of any further prosecution of an action of dower in any stage of it. If the widow has assented to or accepted the dower assigned, she has all to which she is entitled, and has no further right of action.

In *Meserve* v. *Meserve*, 19 N. H. 240, it was held that the acquiescence of the residuary legatee, and his assistance rendered to the committee appointed by the court of probate to assign dower, rendered it unnecessary to decide upon exceptions taken to the proceedings of the committee, and to the omission of formalities in the probate court, on the ground that they are tantamount, at least, to a parol assignment of dower, which is, as regards the parties and their privies, sufficient to all intents and purposes. *Pinkham* v. *Gear*, 3 N. H. 163. The assent and acceptance of the widow could hardly be held less conclusive on her than the like assent of the heir and ter-tenant on them. Indeed it was held in *Johnson* v. *Morse*, upon the authority of 3 Dyer 278, that if once accepted, a subsequent refusal by the tenant will not invalidate the assignment, nor will a subsequent disclaimer by herself defeat the estate.

*Plea held bad.*